IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>v.<br><br>BRIAN WILHOITE,<br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS**<br><br>Case No.  1:11-cr-00105-DN<br><br>District Judge David Nuffer |

Defendant Brian Wilhoite filed a motion to dismiss[1] the Misdemeanor Information (Information)[2] alleging that the Information does not correctly set forth the elements of the crime charged or the essential facts of the crime.  For the reasons discussed below, the motion is DENIED.

## Introduction

This case arises out of an incident at the South Gate entrance of Hill Air Force Base (HAFB) on or about August 17, 2011,[3] when Wilhoite attempted to enter HAFB while riding a motorcycle.[4]  Security personnel stopped Wilhoite at the gate and advised him that he was not wearing the required reflective attire.[5]  Wilhoite told the security officer that he had a reflective vest in his saddlebag.[6]  The security personnel directed Wilhoite to pull over to retrieve and wear

---

[1] Motion to Dismiss Information Pursuant to Rule 12(b)(3)(B) and Memorandum in Support (Motion to Dismiss), docket no. 8, filed January 23, 2012.

[2] Misdemeanor Information (Information), docket no. 1, filed September 28, 2011.

[3] Government Response to Defense Motion to Dismiss Information Pursuant to Rule 12(b)(3)(B) Filed 23 January 2012 (Response) at 1, docket no. 9, filed February 23, 2012.

[4] *Id.*

[5] *Id.* at 2.

[6] *Id.*

the vest while on the military installation.[7] When Wilhoite opened his saddlebag, the installation security officer noticed a handgun inside the bag.[8] The security officer asked Wilhoite if he had a gun in the saddle bag and Wilhoite stated that he did.[9] The security officer took Wilhoite into custody and informed him of his rights.[10] Wilhoite acknowledged his rights and agreed to make a statement.[11] In his statement, Wilhoite indicated that he was a former Marine, that he knew he had not followed the proper protocol for bringing a weapon onto HAFB and that he had planned to go shooting at the Rod and Gun Club on the base.[12] The security officers issued Wilhoite a Violation Notice and Wilhoite was released pending summons to this court.[13]

## Discussion

The Information filed in this case is sufficient to place Wilhoite on notice of the charges against him. In general, "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government."[14] "An indictment need only meet minimal constitutional standards," and the sufficiency of an indictment or information is determined by "practical rather than technical considerations."[15] A charging document "is sufficient if it contains the elements of the offense charged, putting the defendant on fair notice of the charge against which he must defend, and if it enables a defendant to assert an acquittal or conviction in order to prevent being

---

[7] *Id.*

[8] *Id.*

[9] Response at 2.

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] Fed. R. Crim. P. 7(c)(1).

[15] *United States v. Bolton*, 68 F.3d 396, 400 (10th Cir. 1995).

placed in jeopardy twice for the same offense."[16]  An error in the indictment or information is not a ground for dismissal unless the defendant was "misled and thereby prejudiced."[17]

Wilhoite alleges that the Information is deficient in three ways.  First, the Information referred to a "federal installation" instead of a "federal facility"[18] as described in 18 U.S.C. § 930.  Second, the information did not identify the building or part thereof specifically at issue.[19]  Third, the Information did not allege that notice was posted and that Wilhoite had notice.[20]  Each allegation will be addressed in turn.

The incorrect reference to "federal installation" is not grounds for dismissal.  The information alleged that Wilhoite violated 18 U.S.C. § 930 and incorporated the Violation Notice he received at the time of the incident.  That is sufficient to satisfy the Rule 7 requirement of a "plain, concise, and definite written statement."[21]

Further, " [u]nless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to 'dismiss the indictment or information or to reverse a conviction."[22]  Wilhoite has failed to show that he was misled or prejudiced in any way by the use of the word "installation" rather than "facility" in the Information.  The plain reading of the Information correctly cites the statute under which Wilhoite is charged. The notice requirement is therefore satisfied and the Information is valid.

Wilhoite's second point, that the Information and the incorporated Violation Notice inadequately identify the building in question lacks merit.  The information clearly states that the

---

[16] *United States v. Staggs*, 881 F.2d 1527, 1530 (10th Cir. 1989).

[17] Fed. R. Crim. P. 7(c)(2).

[18] Motion to Dismiss at 3.

[19] *Id.* at 3, 4.

[20] *Id.* at 4, 5.

[21] Fed. R. Crim P. 7(c)(1).

[22] Fed. R. Crim. P. 7(c)(2).

"Place of Offense" was the "South Gate."[23]  Consequently, Wilhoite had notice that the "building or part thereof"[24] constituting the "federal facility" at issue in this case is the South Gate entrance building.  This satisfies the notice requirement.

Finally, Wilhoite's third point, that the notice requirement in 18 U.S.C. § 930(h) is an essential element of the offense also lacks merit.  Section 930(h) defines four federal crimes: simple possession of a firearm or dangerous weapon in a federal facility (subsection (a)); possession with intent to use the weapon in the commission of a crime (subsection (b)); killing or attempted killing in the course of a violation of subsections (a) or (b) (subsection (c)); and simple possession in a federal court facility (subsection (e)). Subsection (h) limits convictions under subsections (a) and (e) and provides:

> Notice of the provisions of subsections (a) and (b) shall be posted conspicuously at each public entrance to each Federal facility, and notice of subsection (e) shall be posted conspicuously at each public entrance to each Federal court facility, and no person shall be convicted of an offense under subsection (a) or (e) with respect to a Federal facility if such notice is not so posted at such facility, unless such person had actual notice of subsection (a) or (e), as the case may be.

Wilhoite claims "that posted notice is an essential element that must be proved beyond a reasonable doubt and therefore must be contained in the Information filed with this Court."[25] The issue of whether section 930(h) is an essential element of the crime or an affirmative defense has not been addressed directly by the Supreme Court or the Tenth Circuit.  It has however been addressed by the Eleventh Circuit and that court's reasoning is persuasive.  In *United States v. McArthur*,[26] the Eleventh Circuit looked at the structure of the statute, the legislative history, and whether the government or the defendant is better suited to prove or disprove the applicability of

---

[23] Notice of Violation, attached to Information; *see also* Information at 1.

[24] 18 U.S.C. § 930(g)(1).

[25] Motion to Dismiss at 5.

[26] 108 F.3d 1350 (11th Cir. 1997).

the relevant section.[27] The *McAuthur* court concluded that the structure of the statute indicates that section 903(h) is an affirmative defense.[28]

As an affirmative defense, posted notice need not be included in the Information. Accordingly, the government's failure to address the issue of posted notice in the Information is not an error and is not grounds for dismissal. Wilhoite may raise the issue of posted notice as an affirmative defense at trial, but it is not required to be alleged in the charging document.

## ORDER

IT IS HEREBY ORDERED that Wilhoite's Motion to Dismiss[29] is DENIED.

Dated September 20, 2012.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[27] *Id.* at 1353.

[28] *Id.* at 1356.

[29] Docket no. 8.